## S. Y. CRAIG *v.* SAMUEL BRAME, ET AL.

**Burden of Proof—Pleading.**

The burden of proving the existence of an agreement that a contract was to be void upon certain conditions, where such agreement is not embodied in the contract in suit, is on the party averring that there was such an agreement.

**Pleading.**

Before a party to a suit is entitled to prove a rescission of contract, he must have pleaded the same.

APPEAL FROM McCRACKEN CIRCUIT COURT.

October 19, 1874.

OPINION BY JUDGE COFER:

We do not think any of the facts relied upon by the counsel for appellees to sustain the judgment of the court, have been established

by the evidence, to say nothing of the very doubtful question whether the answers present a defense to the action. The burden of proving the existence of the alleged agreement that the contract was to be void' unless the sum of $975 was paid on the 17th of December, and its fraudulent omission from the bond, was on the appellees, and we think they have failed to sustain it. A majority of the witnesses who testify on this subject testify that no such agreement was made, and disprove the alleged missending of the bond by Pitman. The evidence shows that Brame's sons read from a copy written by Wolfork, and Pitman wrote the new bond after him, and then that it was twice read in the hearing of Samuel Brame, once by Pitman and then by Brame's son, who, notwithstanding he had some difficulty in reading it, could hardly have made the mistake of reading from it a whole sentence that never was in it.

We have no hesitation whatever in deciding that no surchargement was made. The supposed rescission to which much of the evidence is addressed is not pleaded, and if it had been the evidence fails to establish that proposition. Anderson admits that he had heard of the purchase made by Craig and Pitman before he bought, and he fails even to attempt to show that he took any steps whatever to ascertain what their rights were, but seems to have acted in utter disregard both of their rights and his own security. Pitman lived in a short distance of him, and could no doubt have been seen on any day between the 17th and 21st of December, and had he been consulted Anderson could have learned the truth, or if he had not, it would not now be permitted to be set up against him. The position in which he now finds himself is the legitimate result of his reckless disregard of the rights of others, and cannot be weilded to work further injury to them. The court erred in dismissing the appellant's petition, and the judgment is therefore *reversed,* and the cause is remanded with directions to render a judgment specifically enforcing the contract of the 8th of December, 1871, between Samuel Brame and Craig and Pitman in favor of Craig, and to appoint a commissioner to ascertain and report the reasonable value of the rents, and the damages occasioned to the land by waste since appellee, Anderson, has been in possession. He will not be entitled to compensation for improvements, if any, put on the land.

*L. D. Husband, for appellant.*
*J. W. Harlan, for appellee.*